UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOMINIC GREGORY AMALFITANO,

    Petitioner,

v.                                                                                   Case No. 8:21-cv-2768-WFJ-SPF
                                                                                  Crim. Case No. 8:17-cr-592-WFJ-SPF

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Petitioner Dominic Gregory Amalfitano moves under Rule 6, Fed. R. Crim. P., for disclosure, or alternatively, to view in camera, the grand jury testimony of the arresting agents in his criminal case. (Civ. Doc. 9) He argues that such testimony is necessary to support his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Civ. Doc. 1) The United States opposes disclosure of the agents' grand jury testimony. (Civ. Doc. 12)

**I.    Background**

Mr. Amalfitano pleaded guilty to possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). (Crim. Doc. 39) He was sentenced to 87 months' imprisonment. (Crim. Docs. 46 and 58) On appeal, he argued that the district court should have reconsidered his guilty plea after counsel

stated at sentencing that Mr. Amalfitano did not know the firearms were stolen. Also, he argued that his sentence was substantively unreasonable. The appellate court rejected both arguments, affirming his conviction on the firearm offense and dismissing his sentencing claim. *United States v. Amalfitano,* 837 F. App'x 748 (11th Cir. 2020).

Mr. Amalfitano moves to vacate his convictions and sentence on five grounds: (1) that counsel failed to discover that the search warrant lacked a notary seal and was therefore invalid; (2) that counsel failed to inform him of the government's burden to prove he knew the firearms were stolen; (3) that counsel failed to prepare adequately for sentencing and the district court misapplied U.S. Sentencing Guidelines § 1B1.3; (4) that his due process rights were violated because the search warrant was invalid; and (5) that the district court misapplied the sentencing guidelines because of inaccurate information about the drug weight and number of firearms. (Civ. Doc. 1)

II. **Analysis**

Mr. Amalfitano contends that the arresting agents erroneously testified before the grand jury that he was served with a valid search warrant, when, in fact, the search warrant lacked a notary seal and was therefore invalid. (Civ. Doc. 9 at 2) He contends that, due to the invalid search warrant, the United States lacked "subject matter jurisdiction" to prosecute him. (*Id.*) He argues that the grand jury testimony "may be helpful" to him, and "without this court's release of the grand jury materials, [he] can only speculate as to what additional favorable material may be available to him." (*Id.*)

Grand jury secrecy is "an integral part of our criminal justice system." *Blalock v. United States*, 844 F.2d 1546, 1555 (11th Cir. 1988). "The guidelines for determining when grand jury secrecy may be broken are well settled." *United States v. Aisenberg*, 358 F.3d 1327, 1347–48 (11th Cir. 2004). A party seeking disclosure of grand jury material must show:

> (1) 'that the material they seek is needed to avoid a possible injustice in another judicial proceeding'; (2) 'that the need for disclosure is greater than the need for continued secrecy'; and (3) 'that their request is structured to cover only material so needed.'

*Id.* (quoting *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979)). "[T]he burden of demonstrating that the need for disclosure outweighs the need for, and public interest in, secrecy rests upon the . . . party seeking disclosure." *Id.* at 1348. "[T]he party seeking disclosure . . . must show a compelling particularized need for disclosure." *Id.* (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). "To show a compelling particularized need, the . . . party must show 'circumstances had created certain difficulties peculiar to this case, which could be alleviated by access to *specific* grand jury materials, without doing disproportionate harm to the salutary purpose of secrecy embodied in the grand jury process.'" *Id.* at 1348–49 (quoting *United States v. Elliott*, 849 F.2d 554, 558 (11th Cir. 1988)). "[T]he district court has 'substantial discretion' in determining whether grand jury materials should be released." *Id.* at 1349 (quoting *Douglas Oil Co.*, 441 U.S. at 223).

"[U]nsubstantiated allegations of grand jury manipulation do not satisfy the particularized need standard." *United States v. Cole*, 755 F.2d 748, 758–59 (11th Cir.

3

1985) (quotation omitted) (affirming there was no particularized need for grand jury records based solely on the government's submission of a presigned superceding indictment); *see also United Kingdom v. United States*, 238 F.3d 1312, 1321 (11th Cir. 2001) (explaining that grand jury testimony may not be released "for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information") (quotation omitted); *United States v. Quinto*, 264 F. App'x 800, 802–03 (11th Cir. 2008) (affirming there was no particularized need for grand jury materials based on generalized allegations that evidence regarding the drug quantity attributable to the defendant was false).

  Mr. Amalfitano fails to demonstrate a compelling, particularized need for the agents' grand jury testimony. Rather, he vaguely requests testimony based on unsubstantiated allegations of grand jury manipulation. Indeed, he concedes that he can "only speculate" as to what favorable information "may" exist within the requested testimony. (Civ. Doc. 9 at 2) Mr. Amalfitano essentially seeks disclosure of grand jury testimony in the hope of finding any irregularities to support his Section 2255 motion, which is exactly the kind of fishing expedition that cannot justify disclosure. *See Borden v. Allen*, 646 F.3d 785, 810 n.31 (11th Cir. 2011) ("[A] habeas case is not a vehicle for a so-called fishing expedition via discovery, an effort to find evidence to support a claim.").

  Also, his request is not "structured to cover only material so needed." *See Aisenberg*, 358 F.3d at 1347–48. Mr. Amalfitano submitted the search warrant at issue with his Section 2255 motion (Civ. Doc. 1-1), and the United States has responded to

his claim that it is invalid. (Civ. Doc. 6 at 16)  He has not shown why the agents' testimony is also necessary to resolve his claim either that counsel was ineffective in not discovering its invalidity or that his due process rights were violated.

### III.  Conclusion

Consequently, Mr. Amalfitano's motion for disclosure, or alternatively, to view in camera, the grand jury testimony of the arresting agents is **DENIED**.

**ORDERED** in Tampa, Florida, on April 18, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record and Plaintiff, *pro se*