UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOMINIC GREGORY AMALFITANO,
    Petitioner,

v.                                            Case No. 8:21-cv-2768-WFJ-SPF

UNITED STATES OF AMERICA,
    Respondent.
_____/

## ORDER DENYING PETITION UNDER 28 U.S.C. § 2255

The Petitioner Dominic Amalfitano brings this petition for relief under 28 U.S.C. § 2255. Petitioner received a low-end guidelines sentence after a guilty plea with an appeal waiver. The Government concedes a timely, original petition. The Court has reviewed the merits and all filings related to this matter, and denies relief.

The underlying case is found at 8:17-cr-592[1]. Petitioner sold an undercover officer methamphetamine on five different occasions. Crim. Doc. 31 at 20–21. Law enforcement executed a search warrant at Petitioner's home and found drugs, cash, and more than 250 items of stolen property including 16 firearms and over 4,000 rounds of ammunition. *Id*. at 21–22.

Petitioner pleaded guilty with a plea agreement to distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Five)

---

[1] Reference to the underlying criminal case is "Crim. ___." Reference to the instant civil collateral case is "Civ. ___."

1

and possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count Six).  Crim. Docs. 1, 31.  The Court will consider each claim asserted in the petition serially below.  The first three claims assert ineffective assistance of counsel, and they are discussed together.

Concerning the burden of proof, on collateral review the petitioner bears the burden of proof and persuasion on each and every aspect of his claim, *Beeman v. United States*, 871 F.3d 1215, 1221–25 (11th Cir. 2017) (collecting cases), which is "a significantly higher hurdle than would exist on direct appeal" under plain error review, *see United States v. Frady*, 456 U.S. 152, 164–66 (1982).  Accordingly, if this Court "cannot tell one way or the other" whether the claim is valid, then the petitioner has failed to carry his burden.  *In re Moore*, 830 F.3d 1268, 1273 (11th Cir. 2016); *cf. United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005) (in plain error review, "the burden truly is on the defendant to show that the error actually did make a difference … Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant.").

**Claims 1-3**: Petitioner asserts his lawyer was ineffective in failing to investigate the sufficiency of the search warrant, inform him of the correct standard regarding stolen firearms, and adequately prepare for sentencing.  To succeed on an ineffective assistance of counsel claim, a petitioner must show that counsel committed "errors so serious that counsel was not functioning as the 'counsel' guaranteed … by the Sixth

Amendment, " and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If a petitioner fails to establish either of the *Strickland* prongs, his claim fails. *See Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1319 (11th Cir. 2005). *Strickland* sets a "high bar" for ineffective assistance claims, and surmounting it "is never an easy task." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (cleaned up). When evaluating performance, this Court must apply a "strong presumption" that counsel has "rendered adequate assistance and [has] made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

To establish deficient performance, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." *See Chandler*, 218 F.3d at 1315. The standard that the petitioner must meet is both "rigorous" and "highly demanding," and requires a showing of "gross incompetence" on counsel's part. *Kimmelman v. Morrison,* 477 U.S. 365, 381–82 (1986).

A petitioner demonstrates prejudice only when he establishes "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

It appears that a claim from the initial § 2255 petition might have been removed from the present, operative petition, which was filed later. The present petition is found at Civ. Doc. 1. The first stated ground, according to Petitioner, "was Claim 2 and is now Claim 1." *Id.* at 4-5.

Petitioner's first ground for ineffective assistance is frivolous. He asserts that the state search warrant of his premises lacked a notary seal and was thus fatally defective. Petitioner mis-cites the Florida statute, Fla. Stat. § 95.20, in this portion of the petition. Civ. Doc. 1 at 5. His lawyer, he contends, was constitutionally ineffective in failing to perceive and pursue this omission of the notary seal as part of the defense. But Petitioner entered a knowing and uncoerced plea of guilty, affirming his guilt as to all elements of the crime, waiving any pre-plea defects of this type nature. *Wilson v. United States,* 962 F.2d 996, 997 (11th Cir. 19920; *Franklin v. United States,* 589 F.2d 192, 194 (5th Cir. 1979).

On the merits, the record shows that the search warrant was duly issued by a State of Florida Circuit Court Judge and signed by that judge upon the applicant's sworn affidavit. Civ. Doc. 1-1 at 1-2. It appears that the search warrant return was required to be notarized per Florida Statute section 933.12. This return was notarized and was stated to be signed under oath as required by the statute, but in this record one cannot see the notary stamp on the warrant or return itself. Also present on the return is the oath, notary jurat, notary's signature, date, and Florida notary number. Civ. Doc. 1-1 at 4. This return was then filed with the Clerk the same day.

Defense counsel was not deficient for failing to move to suppress the search because the notary signed the return but did not stamp it. Such a defect, if defect there be, would have no chance or likelihood of impacting Petitioner's case in any

4

way. There was simply no defect, and certainly no prejudice to Petitioner.

Petitioner's second ground (labeled Ground Two and found at Civ. Doc. 1 at 7) for ineffective representation was that his trial counsel did not advise him, under *Rehaif v. United States,* 139 S. Ct. 2319 (2019) that he had to have known the guns in Count VI were stolen, and he did not. First, Petitioner brought this issue up on his direct appeal, and the Eleventh Circuit concluded that Petitioner admitted in his guilty plea colloquy that he knew the guns were stolen. See Crim. Doc. 75 at 9. That ends this issue. *See also* plea colloquy at Crim. Doc. 51 at 12, 14, and 22 (admitted gun stolen); Crim. Doc. 31 at 2-3 (Petitioner initials plea agreement page stating that he "knew or had reasonable cause to believe the firearm was stolen.").

Further, *Rehaif* does not apply here. *Rehaif* held that the defendant who was convicted of possessing firearms as a restricted person under 18 U.S.C. § 922(g), had to *know* of his restriction (such as a felony record, illegal alien, or fugitive status etc.). In contrast, Petitioner pled to 18 U.S.C. § 922(j) which is knowing possession of stolen firearms in interstate commerce. The stolen nature of the guns was an element of Petitioner's crime and he knew all the elements and agreed to them, admitting guilt to them expressly at his plea. His plea makes entire sense when one considers Petitioner admitted that his house had myriad stolen items throughout it, a veritable warehouse of over 250 stolen goods including 16 guns and over 4,000 rounds of ammunition. Crim. Doc. 31 at 20-22.

Petitioner's third ground for ineffective assistance of counsel is failure to prepare

5

for sentencing. Civ. Doc. 1 at 8. This is frivolous. The transcript shows his attorney was prepared and well-spoken. Petitioner was hoping for a lower sentence, but received a bottom-end guideline sentence. Ample ground existed for an upward variance, including the stolen goods menagerie that Petitioner managed.

At the plea colloquy, Petitioner affirmed that he discussed his case with counsel and was fully satisfied with counsel's representation. Crim. Doc. 51 at 8. He acknowledged the valuable rights he waived by pleading guilty, including his right to challenge how the government obtained the evidence. *Id.* at 10–11. He acknowledged that he faced a maximum of 20 years' imprisonment as to Count Five and a maximum of 10 years' imprisonment as to Count Six. *Id.* at 13. The Court warned Petitioner that he could not withdraw his guilty plea if his sentence was higher than the estimate given by his counsel. *Id.* at 15–16. Petitioner agreed that the facts contained in his plea agreement were true. *Id.* at 21–22. Notably, he admitted that he knew the firearms were stolen. *Id.* at 22. Having determined that a factual basis supported the charges, the Court found Petitioner was pleading guilty both knowingly and voluntarily. *Id.* at 25–26. As a result, this Court adjudicated him guilty. Crim. Doc. 39.

The Probation Office held Petitioner accountable for 111.63 grams of methamphetamine (actual) and issued a base offense level of 30. Crim. Doc. 42. Presentence Investigation Report ("PSR") ¶ 26. Petitioner received a two-level enhancement for possessing a firearm and a three-level reduction for acceptance of

responsibility. *Id.* ¶¶ 27, 33–34. His total offense level (29) and criminal history category (I) produced an advisory guidelines range of 87 to 108 months' imprisonment. *Id.* ¶¶ 35, 51, 90.

In advance of sentencing, defense counsel filed a sentencing memorandum requesting a 48-month sentence. *See* generally Crim. Doc. 44. Counsel highlighted Petitioner's difficult upbringing and his lack of violent and drug offenses in his criminal history. *Id.* at 4–5.

At sentencing, defense counsel noted that the initial PSR had a much lower guidelines range because it was prepared without the benefit of a lab analysis. Crim. Doc. 53 at 5–6. This analysis showed that the methamphetamine was a "very high-quality, high-grade, high-purity" and the new guideline range, while correct, "shocked" Petitioner. *Id*. at 6–7. Without objection, this Court accepted the factual statements and guidelines calculation. *Id*. at 7. Defense counsel again requested a downward variance to 48 months, reiterating the 18 U.S.C. § 3553(a) factors discussed in his sentencing memorandum. *Id.* at 8–12, 15–17. Counsel informed this Court that "Mr. Amalfitano bought these firearms believing them to be—first of all, not to be stolen, and it was okay for him to buy the firearms." *Id.* at 9. Counsel also stated that Petitioner "assured [him] that he did not steal [the guns]." *Id.* at 11. Petitioner then addressed the Court and expressed remorse for selling methamphetamine to the undercover officer and stated he would not reoffend. Id. at 13. Both in his sentencing memorandum and at sentencing, defense counsel outlined

7

the various mitigating factors to support Petitioner's request for a downward departure. *See generally* Crim. Doc. 44; *see also* Crim. Doc. 53 at 8–12. At sentencing, counsel emphasized that Petitioner was not a convicted felon, he had no violent, felony, or drug history, and Petitioner maintained employment. Crim. Doc. 53 at 9–10. This Court complimented defense counsel's memorandum, finding it "highly effective" and a good piece of work. *Id.* at 8. As noted, Petitioner received a low-end guidelines sentence. Crim. Doc. 46. The Court's full re-examination of this record shows a competent, able defense presentation.

It appears Petitioner has inserted a ground into the petition that is unspecified and appears out of place. It can be found after Ground Three and states "This was Claim 3 and now is Claim 2." Civ. Doc. 1 at 10. The Court will address this supplemental ground which seems out of place. Petitioner claims his plea agreement was for 46-57 months and the prosecutors breached the plea deal. *Id.* Petitioner cites no evidence in support of this supplemental ground, and appears to repeat several criticisms of his attorneys already set forth in Grounds One through Three. *Id.* The only arguably new portion of this supplemental ground is the assertion that the Government breached a plea agreement for 46-57 months. But there is no evidence in the record for this claim, and the plea agreement, plea colloquy, and sentencing transcript all refute this unspecified ground completely.

**Ground Four:** This fourth ground for relief can be found at Civ. Doc. 1 at 12-15, and is labeled "Ground Three" and also "Ground Four," starting at Civ. Doc. 1 at 15.

8

Construing this ground liberally, Petitioner states that the District Court denied him due process of law by basing the sentence on inaccurate information. But this ground cites no new basis for the claim other than contending obliquely and with no descriptive basis or reasoning that the guns did not impact interstate commerce and were miscounted. Petitioner also contends that the drug weight was off, ignoring the concept of guideline relevant conduct discussed below. He seems to allege that there was no factual basis to support his plea, which renders this Court's sentence unlawful. Civ Doc. 1 at 12–13.

Petitioner waived any challenge to the factual basis supporting his plea when he entered his knowing and voluntary guilty plea. *Tollett v. Henderson*, 411 U.S. 258, at 267 (1973). And "[t]here is a strong presumption that statements made during the plea colloquy are true," and Petitioner "bears a heavy burden to show that his statements under oath were false." *Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007).

During his plea hearing, Petitioner affirmed that by pleading guilty, he waived his right to challenge how the government obtained the evidence. Crim. Doc. 51 at 10–11. He also recognized that if his sentence was higher than his counsel's estimate, he could not withdraw his guilty plea. *Id.* at 15–16. Petitioner agreed that the facts contained in his plea agreement were true including that he knew the firearms were stolen, and had travelled in interstate commerce. *Id.* at 21–23. When Petitioner did not object to the Report and Recommendation, this Court correctly accepted the plea and adjudicated him guilty. Crim. Doc. 39.

9

Furthermore, the Eleventh Circuit disagreed with Petitioner's argument that Count Six lacked a factual basis when it affirmed his conviction. Crim. Doc. 75 at 9–10.

Petitioner cannot prove that the factual basis was insufficient to support the charges. *See United States v. Cabezas*, 797 F. App'x 415 (11th Cir. 2019) (holding that factual basis for guilty plea was "more than sufficient," where defendant admitted in open court that stipulated statement of facts detailing his offense was correct). And he bears the burden of proof on every aspect of this claim. *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017). If this Court "cannot tell one way or the other" whether a necessary fact is true, the claim fails. *In re: Moore*, 830 F.3d 1268, 1273 (11th Cir. 2016). Because Petitioner cannot meet this burden, this Court should dismiss this portion of the petition.

Petitioner also appears to challenge the United States' and this Court's jurisdiction because he believes the firearms did not affect interstate commerce. Civ. Doc. 1 at 13. "Because the federal courts are courts of limited jurisdiction, deriving their power from Article III of the Constitution and from the legislative acts of Congress, the parties cannot confer upon the courts a jurisdictional foundation that they otherwise lack." *United States v. DiFalco*, 837 F.3d 1207, 1215 (11th Cir. 2016). Accordingly, "subject matter jurisdiction can *never* be waived, and a court can raise that issue *sua sponte* at any time." *United States v. Moore*, 954 F.3d 1322, 1336 (11th Cir. 2020) (emphasis in original) (citing *Fort Bend County, Tex. v. Davis*, 139 S. Ct. 1843, 1849 (2019)). But true jurisdictional claims are few and far between.

*See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 510 (2006) ("This Court, no less than other courts, has sometimes been profligate in its use of the term ['jurisdictional'].").  "The lynchpin for a defect that implicates jurisdiction is whether the indictment charged the defendant with a criminal offense against the laws of the United States." *Moore*, 954 F.3d at 1334 (citations and quotations omitted).

"A jurisdictional defect is one that strips the court of its power to act and makes its judgment void." *McCoy v. United States*, 266 F.3d 1245, 1249 (11th Cir. 2001).  Because 18 U.S.C. § 3231 gives district courts subject-matter jurisdiction over "all offenses against the laws of the United States," an indictment that charges a federal crime establishes the district court's jurisdiction.  *Alikhani v. United States*, 200 F.3d 732, 734–35 (11th Cir. 2000); *see also United States v. Peter*, 310 F.3d 709, 713–14 (11th Cir. 2002) (because indictment failed to charge an offense, court lacked jurisdiction).  During his change-of-plea hearing, both defense counsel and Amalfitano stipulated that the firearms had travelled in or affected interstate commerce.  Crim. Doc. 51 at 22–23.

**Ground Five:**  The numbering of the petition is somewhat difficult to follow.  In a Reply, Petitioner states he only seeks three grounds for relief "so there is no claim(s) four(4) or five(5) [sic]."  Civ. Doc. 8 at 6.  Notwithstanding this, there appears in the main petition five grounds, liberally read, asserted for relief.  In the petition, Petitioner labels this final ground as  "Ground Four."  Civ. Doc. 1 at 15.  Petitioner states that this Court based its sentence on an inaccurate drug weight.

11

Civ. Doc. 1 at 14. He believes he is only accountable for the amount of methamphetamine attributable to the single count for which he pleaded guilty. *Id.* He is mistaken. The written plea agreement details, factually, four meth sales and additional meth seizure at the search warrant execution. Crim. Doc. 31 at 20–21.

The Eleventh Circuit has held that drug amounts that were part of the indictment but later dismissed as part of the plea agreement may be considered as relevant conduct. *United States v. Kennedy*, 326 F. App'x 509, 511 (11th Cir. 2009) ("Under the advisory guidelines, the district court may consider all relevant conduct— not just charged conduct—in calculating a defendant's offense level.") (citing *United States v. Hamaker,* 455 F.3d 1316, 1336 (11th Cir. 2006)). Indeed, sentencing courts must consider all "relevant conduct," as defined in USSG §1B1.3, when calculating a defendant's guideline range. *United States v. Bruce,* 665 F. App'x 852, 856 (11th Cir. 2016) (citing *United States v. Siegelman*, 786 F.3d 1322, 1332 (11th Cir. 2015)). Conduct is "relevant" under §1B1.3, and may be attributed to the defendant for purposes of sentencing, if it "was 'part of the same course of conduct or common scheme or plan' as the offense of conviction." *Id*. (citing *United States v. Gomez,* 164 F.3d 1354, 1356 (11th Cir. 1999) and quoting USSG §1B1.3(a)(2)). A judge may even rely on acquitted conduct in determining the drug quantity attributable to a defendant. *See United States v. Duncan*, 400 F.3d 1297, 1304–05 (11th Cir. 2005) (affirming district court's drug quantity finding based in part on acquitted conduct).

12

Here, the Probation Office correctly held Petitioner accountable for 111.63 grams of methamphetamine (actual). Crim. Doc. 42 - PSR ¶ 20.  As counsel stated during sentencing, both counsel and Petitioner could not object to the quantity in good faith.  Crim. Doc. 53 at 7.  For the reasons discussed, this Court did not err in its drug quantity calculation and should deny his claim in the final ground, no matter how it is denumerated.

There is no basis for an evidentiary hearing.  The grounds of the petition are either patently without merit as discussed above, or are contradicted by the clear record.  *See, e.g., Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014); *Aron v. United States*, 291 F.3d 708, 714–15 (11th Cir. 2002) (citation omitted).

Accordingly, the petition is denied and the Clerk is ordered to close this file.  The Court concludes that no reasonable jurist would find a colorable or meritorious issue in the Petition, and thus any Certificate of Appealability or request to proceed in forma pauperis is denied.

**DONE AND ORDERED** at Tampa, Florida, on November 18, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE